Lambert and Pollard *v.* Carroll.

---

*COLUMBIANA COUNTY, SEPTEMBER TERM, 1832. [108

JUDGES—LANE AND WRIGHT.

---

*Goodenow*, for the defendant, stated that a bill for a discovery had been filed that morning, with a view to obtain evidence in the case, and moved that the cause may lie until the answer comes in.

---

LAMBERT AND POLLARD *v.* CARROLL.

Principal and agent—servant—carte blanche—contract—fraud—goods sold.

Where one employs another to carry on business for him, the employment gives him power to bind his employer for articles in the usual course of the business he was engaged in.

Lambert and Pollard *v.* Carroll.

If a principal gives to his agent his signature to a blank piece of paper, with authority to write over it a power to purchase goods, and carry on merchandizing for him, and he fill it up somewhat different from the agreement, and affix a seal to it, and obtain goods on its credit, the principal is liable to the seller of the goods, and the affixing a *seal* without authority does not vary the question.

Where a paper has been signed in blank, with power to write a contract over it, and the holder *seal* it, that does not vitiate the contract, where the article is collaterally used.

Where one gives another his sealed instrument in blank, and the person entrusted fills it up different from his agreement with the principal before it is used to obtain credit of third parties, he will not be permitted to show that breach of confidence to avoid his liability ; it would encourage fraud to allow him to do so.

ASSUMPSIT.    The plaintiff counted on three notes, signed *Edward Carroll,* for *Thomas Carroll,* and for goods sold and delivered. Plea : non assumpsit.

109]    *It appeared in evidence that Edward Carroll, being embarrassed, had conversation with his brother, the defendant, about enabling him, Edward, to carry on mercantile business in Thomas' name in New Lisbon, the property to be held by the defendant, and Edward to be the agent to carry on the business, and to have a compensation in the profits, or otherwise.    An agreement was made to that effect, and to enable Edward to carry on his operations, the defendant affixed his signature to a blank piece of paper, and authorized Edward to fill it up, as the act of the defendant.    The article as filled, was dated 24th October, 1828, which appeared to be sealed by Thomas Carroll, and by Edward Carroll.    By this article it was agreed, that Thomas, wishing to commence storekeeping in New Lisbon, and to invest one thousand dollars capital in that business, and such other property as he might thereafter see fit, and confiding in the integrity of Edward Carroll, employed him to conduct the business as agent, in Thomas Carrol's name, had authorized him to select a suitable house, and to go to Philadelphia, New York, Baltimore, Pittsburgh, and other places, and to purchase an assortment of goods, allowing him to use his own judgment in the selection, to pay for them out of the funds of Thomas, and settle and adjust all the transactions in relation to the business, and to purchase all needful articles for carrying on the business.    Thomas reserved the right to add to the stock at any time, and to call Edward to a settlement.    Edward to have three hundred dollars a year for three years.

From the examination of Edward Carroll, it appeared that he purchased of the plaintiffs in the fall of 1829, $1,125.01 worth of goods, and exhibited the contract with Thomas Carroll, as it now is, to them ; the notes sued on were given for the purchase so made.

Lambert and Pollard *v.* Carroll.

On his cross-examination, he stated that the article was given him in blank, except as to the signature, which he was to fill up, and that he did fill up and seal; but it was left somewhat doubtful whether it was filled up precisely according to the agreement between the brothers.

*Tappan* and *Goodenow* contended that the defendant was not liable, because the *covenant* was void, being a blank; but if valid, it gave no authority to purchase on credit, or to bind the defendant.

*Loomis* and *Metcalf*, contra.

WRIGHT, J. If Thomas Carroll empowered Edward Carroll to carry on mercantile business for him, by parol, or otherwise, that employment of itself would give him power to contract for merchandize, according to the usual course of trade, on Thomas' responsibility and credit.

*If Thomas Carroll gave the blank authority to Edward Carroll [110 to enable him to carry on mercantile business, and left him to fill up the authority, he placed confidence in his discretion as agent for that purpose, and is liable to the credit obtained upon the paper, of persons unacquainted with the circumstances, though it was not drawn out exactly according to the verbal agreement between them. Persons acquainted with the real transaction might not, under such authority, acquire a right to hold the defendant liable beyond the *actual* authority of the agent. The general principle is, as contended for, that the agent cannot bind his principal beyond the authority conferred upon him, yet where one person enables another to obtain credit by holding him out as his agent, though he is in fact no agent, and where he suffers such person to continue the use of his name to obtain credit after he has notice of such use, without apprising the person giving the credit, he, by so doing, practises a fraud, and it would be adding to the fraud if he were to be protected in court in denying the agency. Therefore, the law will not permit him, under such circumstances, to deny the agency, and holds him responsible, as if the person were in fact his agent.

A parol authority in the defendant to Edward Carroll, to transact business as a general agent, or the employment of Edward Carroll in that way, would render the defendant liable for contracts in the ordinary course of the business carried on and continued by the defendant, in a way and manner to induce credit from third persons, on the defendant's account, the real agreement between the principal and agent, not made known to dealers with the agent, whether

written or not, or sealed or not, would not limit the liability of the principal.

When confidence is placed by the obligor in a sealed instrument, in another party to the instrument, to fill up blanks, and they are filled up before it passes to a third person, in a way differing from the agreement, the court in bank have held the obligor, who reposed the confidence, and enabled the agent to commit the fraud, bound; 5 *O.* 222. But the objection that the paper in controversy was a deed executed in blank, and therefore void, will not affect the real question in this case, because the obligation is not declared on, but is only used collaterally. A paper purporting to be a deed, which is not valid as such, may be good evidence of the matters in it, as a written admission of the party. In this case, the objection altogether fails. The proof is, that the paper, when given by the defendant to Edward Carroll, was only *signed by the defendant,* and given with an authority to *fill it up.* The affixing a seal was unauthorized. That *unau-* 111] *\*thorized* act cannot change the liability of the defendant. The paper was such as upon common principles might be filled up by the holder, as he pleased, without seal. This *carte blanche* was given by the defendant, of his own folly, and he cannot now gainsay it.

The article being in evidence, its construction is matter of law, and we think it authorizes the agent to make these purchases on the responsibility of the defendant. The objection to the notes is ineffectual; for if they are thrown aside, the plaintiff can recover for goods sold, and the notes may then be looked to to fix the amount, even if they are rejected as the ground of recovery.

If the jury find these goods were furnished to Edward Carroll on the credit of the defendant, the plaintiffs are entitled to a verdict.

Verdict and judgment for the plaintiffs for $964.20.